## F. W. Huskinson, et al. v. Dunigan, et al.

[Abstract Kentucky Law Reporter, Vol. 7—303.]

**Mental Incapacity of Grantor.**

If a deed is executed by one incompetent to make it by reason of mental incapacity, the title will not pass, however strong the equities of the grantee or his ancestor may be; the only remedy would be to assert those equities and not the right to the real estate.

### APPEAL FROM PULASKI CIRCUIT COURT.

October 17, 1885.

Opinion by Judge Pryor:

While the facts of this record conduce to sustain the judgment below upon the issue raised by the pleadings, this judgment must be reversed because the court below in requiring the appellants to elect as to the cause of action they would prosecute deprived them of a right to which they were clearly entitled. If the deed in controversy was executed by one incompetent to make it by reason of mental imbecility, the title did not pass, however strong the equities of the appellees or their ancestor may be, and the only remedy would be to assert those equities and not the right to the realty.

The fact that the mental condition of the grantor was such as to prevent him from making a contract is not inconsistent with the fact that the holding was in trust by the grantee for the payment of debts. Such may have been the agreement, and if the grantor accepted the deed upon such a condition and for such a purpose he is bound by it, although the grantor may not have known by reason of the condition of his mind what the contract was. Besides, if it should turn out that the grantor was competent, why may not he or his representative and heirs show that the title was held in trust for a particular purpose?

We see no such inconsistency in the pleadings as would compel the appellants to make an election, and for this error alone the judgment is reversed. If incompetent to execute the deed the instrument should be canceled, and if competent the deed should stand. Upon that issue the case is remanded to be tried by proceedings consistent with this opinion.

Judgment *reversed.*
*Morrow & Newell, for appellants.*
*O. H. Waddle, W. C. Curd, James Denton, for appellees.*